IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES JAMES LEWIS, III,

       Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　Civil Action No. 3:04CV105
　　　　　　　　　　　　　　　　　　　　　　Criminal Action No. 3:01CR24
UNITED STATES OF AMERICA,　　　　　　　　　(JUDGE BROADWATER)

       Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On November 2, 2004, the *pro se* petitioner, an inmate at the Eastern Regional Jail, at Martinsburg, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Government filed its Motion to Dismiss and response December 9, 2004. The motion was referred to me January 24, 2005. Petitioner was given a Roseboro notice March 27, 2006. Petitioner filed a response April 24, 2006.

### II. FACTS

#### A. Conviction and Sentence

On January 13, 2003, Petitioner signed a plea agreement by which he agreed to plead guilty to Count 7, distribution of .21 grams of cocaine base in violation of Title 21, United States Code, Section 841 (a)(1), and 841 (b)(1)(c). In the plea agreement, the parties stipulated to total drug relevant conduct of not less than 1.5 kilograms of cocaine base, also known as crack. Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> 10. Mr. Lewis is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). In exchange for defendant's waiver, the United States waives its right to appeal the sentence. In the event that there would be an appeal however, each party reserves the right to argue in support of the sentence.

On January 16, 2003, the petitioner entered his plea in open court. During the plea hearing, the Government presented the testimony of Ted Snyder, of the Berkeley County, West Virginia Sheriff's Department, to establish a factual basis for the plea. (Plea transcript pp. 22-25). The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count 7 of the indictment. The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 25) In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.) Finally, the petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 26)

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that the elements of Count 7 were established beyond a reasonable doubt. (Id. at 26) The petitioner did not object to the Court's finding.

On May 12, 2003, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 188 months imprisonment.

**B.      Appeal**

Petitioner filed a notice of appeal May 20, 2003. The Judgment of the District Court was affirmed February 23, 2004.

**C.      Federal Habeas Corpus**

Petitioner contends his counsel failed to object to the sentence enhancement for offenses not in the indictment and did not object to the probation officer's determination of relevant conduct. Petitioner also contends his counsel was ineffective because the sentence imposed was based upon facts not proven beyond a reasonable doubt. Specifically, petitioner contends he pleaded guilty only to Count 7, aiding and abetting distribution of .21 grams cocaine base, the penalty for which should have been only six to twelve months imprisonment. Petitioner contends that if any other relevant conduct is applicable, an evidentiary hearing is required. Petitioner requests his sentence be vacated and he be resentenced. Finally, in Petitioner's response, he asserts for the first time that his attorney had a conflict of interest, namely that his attorney's brother is an Assistant United States Attorney in the Martinsburg office which prosecuted petitioner.

The Government contends petitioner is bound by his statements made under oath at the plea hearing and that petitioner provides no legal argument or legal authority to support his claim.

**D.      Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the Court's docket.

### III. ANALYSIS

**A.  Ineffective Assistance of Counsel**

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

In order to demonstrate prejudice, the defendant must show that but for his attorney's errors, the result of the proceeding would have been different. Id. Error by counsel which falls short of the constitutional ineffectiveness standard does not constitute cause, notwithstanding that the error may arise from inadvertence, ignorance or strategic choice. Murray v. Carrier, 477 U.S. 478 (1986); Griffin v. Aiken, 775 F.2d 1226 (4th Cir. 1985), *cert. denied*, 478 U.S. 1007(1986).

Further, in evaluating a post guilty plea of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. See Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), *cert. denied*, 488 U.S. 843 (1988).

4

**B.      Waiver of Collateral Attack Rights**

The Fourth Circuit has held that waiver of appellate rights in a plea agreement is valid as long as it is knowing and voluntary. See United States v. Attar, 38 F.3d 727 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995).  Recently, in United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit held that it saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights.[1] Thus, the Fourth Circuit held that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id.     The Fourth Circuit also noted that it has allowed a "narrow class of claims" to be raised by a defendant on direct appeal despite a general waiver of appellate rights.  Specifically, the Fourth Circuit noted that pursuant to United States v. Marin, 961 F.2d 493 (4th Cir.1992) "'a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race'" and that pursuant to United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994) "a general waiver of appellate rights could not be construed to bar a defendant from raising a claim that he had been wholly deprived of counsel during his sentencing proceedings." Id. at 220, n. 2.  However, because

---

[1]In Lemaster, the Fourth Circuit stated that "[l]iberally construed, Lemaster's petition alleged, inter alia, that his guilty plea, and thus his waiver of collateral-attack rights, was unknowing and involuntary because (1) his counsel's initial explanation of the proposed plea agreement differed substantially from the final version of the plea agreement and that his counsel failed to explain the changes to him; (2) his counsel failed to inform him, or misinformed him, of the potential punishment that he faced under the plea agreement; and (3) Lemaster was threatened that he would be denied adequate medical care unless he pleaded guilty." United States v. Lemaster,  403 F.3d 216, 219 (4th Cir. 2005).
    Lemaster also raised the following claims which were unrelated to the voluntariness of his plea or the waiver of his right to collaterally attack his sentence: "his counsel was constitutionally ineffective in the following respects: (1) counsel failed to provide Lemaster with a copy of the presentencing report; (2) counsel failed to object to the presentencing report as directed by Lemaster; (3) counsel failed to request a downward departure based on Lemaster's diminished capacity; (4) counsel failed to request a downward departure based on Lemaster's deteriorating medical condition; and (5) counsel ignored Lemaster's correspondence." Id.

5

Lemaster did not argue that his claims fell within one of these exceptions, the Fourth Circuit did not address whether a court should address similar claims in a §2255 motion despite a waiver of the right to file a collateral attack. Nonetheless, the Fourth Circuit reiterated that it saw no reason to treat waivers of collateral attack rights different than waivers of direct appeal rights. Id.

In Lemaster, the Fourth Circuit found that the petitioner's claims regarding the involuntariness of his plea was contradicted by his statements made during the Rule 11 hearing. Thus, the Fourth Circuit found that the plea and waiver were knowing and voluntary and affirmed the district court's dismissal of Lemaster's §2255 motion based on his waiver of his rights to collaterally attack his sentence.

In determining whether a waiver is "knowing and intelligent, the court must review "the particular facts and circumstances surrounding [the] case, including the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182,186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458 (1938)). A waiver is valid if the district court fully questioned the defendant about the waiver during a hearing that meets all the requirements of Rule 11 of the Federal Rules of Civil Procedure. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir.1991).

A defendant's statement that his plea is voluntary and knowing is generally considered conclusive on these issues. Savino v. Murray, 82 F.3d 593, 603 (4th Cir. 1996). "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992), cert. denied, 506 U.S. 885 (1992). A defendant's statements at the plea hearing are "strong evidence" of the voluntariness of the plea agreement. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992).

## C. Conflict of Interest

Petitioner provided no authority for his claim that the fact that his lawyer was the brother of an Assistant United States Attorney in the office which prosecuted him constitutes a conflict of interest. When a conflict of interest is alleged on the part of the defense counsel, Strickland is satisfied when the representation is an actual conflict of interest. United States v. Tatum, 943 F.2d 370, 375 (4th Cir. 1991). An actual conflict of interest is present when a lawyer actively represents conflicting interests. Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). A petitioner must show that his counsel did not pursue some realistic defense strategy or tactic because of a conflict. Perillo v. Johnson, 79 F.3d 441, 449 (5th Cir. 1996).

## IV. DISCUSSION

### A. Ineffective Assistance of Counsel

The petitioner, herein, is asserting what amounts to an Apprendi claim.[2] However, the petitioner's Apprendi claim is without merit. The petitioner pleaded guilty to Count 7 of the indictment, charging possession with intent to distribute .21 grams of cocaine base, also known as crack, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c). The statutory penalty for such a violation is contained in 21 U.S.C. § 841(b)(1)(B) which provides for a term of imprisonment of up to 20 years. The district court imposed a sentence of 188 months (15.67 years), which is well below the statutory maximum 20 years as provided by the statute. Thus, there is no Apprendi violation.

Moreover, to the extent the petitioner is attempting to raise a claim pursuant to Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, the same is without merit. Blakely,

---

[2] The decision in Apprendi v. New Jersey, established that "[O]ther than the facts of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000).

7

as an extension of Apprendi, holds that the imposition of sentencing enhancement, which was based solely on the sentencing court's factual findings, violates the defendant's Sixth Amendment rights because the facts supporting the findings were neither admitted nor found by the jury. In Booker, the Supreme Court issued a two part decision. In the first part, the Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial, because a judge, not a jury, determines facts which could increase the defendant's sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

Although the Court held in Booker that its decision applies to all cases on direct appeal, it did not address whether its decision applied to cases on collateral review. However, the Fourth Circuit has determined that it does not apply retroactively.[3] Therefore, the petitioner is not entitled to have Booker applied retroactively to his sentence on collateral review.

Thus, the petitioner is left with nothing more than the bald assertion that his counsel was ineffective. He has come forward with no evidence that his claim has merit. Nor can he claim ignorance of the consequences of his plea. During the Rule 11 hearing, the petitioner acknowledged that in reference to relevant conduct, the Court in determining his Total Offense Level in references to sentencing under the Guidelines can take into account any conduct, circumstances, and injuries that are relevant to the crime to which he pleaded guilty. (Plea Transcript p. 18). In addition, the petitioner acknowledged that he could receive a sentence of up to 20 years imprisonment. (Plea

---

[3] The Fourth Circuit decision in United States v. Morris, 429 F.3d 65 (2005) notes that its decision that Booker does not apply retroactively to case on collateral review, in conformity with nine circuit courts of appeals that have considered the issue.

8

Transcript p. 16). Finally, the petitioner acknowledged that his attorney had adequately represented him and left nothing undone. (Plea Transcript p. 26). "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

As previously noted, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Here, the petitioner has failed to demonstrate that counsel's representation fell below an objective standard of competence. Strickland, at 687-91. Accordingly, he has failed to show how counsel's performance was deficient, and therefore, he cannot show how his defense was prejudiced. Finally, the petitioner has made no allegation that but for the alleged deficiencies of his counsel, he would not have pleaded guilty and would have insisted on going to trial. Thus, the petitioner's claim of ineffective assistance of counsel is without merit.

**B.**     **Waiver of Collateral Attack Rights**

In determining whether the petitioner's claims are barred by the waiver, the undersigned must first determine whether the waiver is knowing and voluntary, and if so, whether the claims fall within the scope of the waiver.

The Court specifically asked petitioner at the plea hearing if he understood he was giving up the right to appeal the sentence if it was within the maximum sentence, the right to challenge the method used to determine the sentence and the right to file a habeas corpus petition. (Plea Transcript p. 13). Petitioner's counsel asked petitioner if he understood he was giving up all rights to appeal. (Id) The Court found the plea was made freely and voluntarily and that petitioner understood the consequences of his guilty plea (Id at 26).

9

All petitioner's claims except ineffective assistance of counsel previously discussed fall within the waiver. All claims other than ineffective assistance of counsel are barred by petitioner's waiver.

**C.     Conflict of Interest**

It does not appear the mere fact that defense counsel's brother was an Assistant United States Attorney in the same office which prosecuted petitioner is an actual conflict of interest. However, even if it were, petitioner would have to show his counsel did not pursue some plausible strategy of conflict because of the alleged conflict of interest. Petitioner made no such showing.

### V.  MISCELLANEOUS MOTIONS

**A.     Request for Evidentiary Hearing**

As part of his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, the petitioner requests as an alternative ground for relief that he be afforded an evidentiary hearing.[4] 28 U.S.C. § 2255 provides in pertinent part that

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

See also United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000).

Thus, if it is clear from the pleadings and the files and records that the petitioner is entitled to no relief, a hearing is not necessary. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). The petitioner's motion and the Government's response conclusively establish that the petitioner is entitled to no relief. Thus he is not entitled to an evidentiary hearing. Motion **DENIED**.

---

[4] See Doc. Nos. 238, par. 12. A) and 249, section III.

## VI. **RECOMMENDATION**

The undersigned recommends that the Court enter an order **DENYING** and **DISMISSING WITH PREJUDICE**, the petitioner's § 2255 motion (Doc. No. 238).

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F. 2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September 8, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE